# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION

DAVID F. DAMERAU

    Debtor,

                              Case No.: 12-33800-JKO

vs                                   CHAPTER 7

FPH PROPERTIES, INC.,

    Trustee/Creditor,

_____/

## (Emergency) DEBTOR'S MOTION REMOVE AND DISQUALIFY SPECIAL COUNSEL CHRISTIAN A. PETERSEN, ESQ., HACKLEMAN, OLIVE & JUDD, P.A. AND AND FPH PROPORTIES LLC POWERS

The Appellant (Debtor/Defendant), DAVID F. DAMERAU, ("DAMERAU") appearing Pro Se, in accordance with Rule 8005, Federal Rules of Bankruptcy Procedure, hereby moves this Honorable Court to enter an order removing and disqualifying Special Counsel Christian A. Petersen, Esq., Hackleman, Olive & Judd, P.A. and Creditor FPH Properties LLC powers granted, and states:

### Procedural History

*1.* DAMERAU filed a voluntary petition under Chapter 11 on October 3, 2012, with the case being converted to Chapter 7 on November 28, 2012.

*2.* Les Osborne was appointed as Chapter 7 trustee.

3. FPH PROPERTIES, INC. ("FPH") filed two adversary proceedings against Debtor, Case 13-01246, as to Damerau's homestead property and 13-01254 challenging discharge.

4. In the adversary action, case number 13-01246, on May 3, 2013, FPH, through its counsel Christian A. Petersen, Esq., Hackleman, Olive & Judd, P.A. (hereinafter collectively *"Hackleman")*, filed its Motion for Summary Judgment, and DAMERAU filed his response and memorandum of law on June 4, 2013 [DE24].

5. On August 7, 2013, this Court entered (**a**) Order Granting Plaintiff's Motion for Summary Judgment [DE. 29] and (**b**) Final Judgment in Favor of Plaintiff [DE 30], in the underlying adversary action.

6. At timely notice of appeal was filed as to the Court's orders granting summary judgment [DE 29] and Final Judgment in Favor of Plaintiff FPH [DE 30].

7. Trustee Les Osborne filed on August 1, 2013 a Motion to Approve Settlement [DE 219] between Trustee Les Osborn and FPH Properties, LLC ("FPH").

8. The Agreement [Doc 219-1], attached to the Motion to Approve Settlement filed August 1, 2013, empowered creditor FPH's, to perform the Trustee's statutory duties and responsibilities, including but not limited to authorizing the creditor FPH to purchase assets for $1.00 and initiate litigation. This agreement authorized FPH to perform Trustee's obligations; the agreement omitted reference to FPH's counsel *Hackleman,* although *Hackleman* prepared, negotiated and was the subject of certain terms therein, namely, award of attorneys' fee for its services on a priority basis.

9. The Agreement [219-1]further set forth in paragraph 5 that FPH would be granted *first* right of any monies to be paid to *Hackleman* for their attorneys fees associated therein, including litigation, and further awarded *Hackleman's* client/creditor FPH 80% of any

recoveries. Also, the Agreement, Trustee Les Osborne authorized Hackleman to act "without further order of the court". *Hackleman* did not to advise the Trustee Les Osborne and the Court of any conflict of interest.

10. On August 22, 2013, the Debtor contested the motion to approve the settlement agreement by filing an Objection to Motion to Approve Settlement Agreement [DE 229], which included, but was not limited to, the following arguments:

    a. The pending appeal of the subject court orders and final judgment rendered such settlement agreement premature;

    b. Unreasonableness of the Settlement Agreement and not in the best interest of all creditors;

    c. The settlement agreement sought to turnover Trustee's duties and powers to debtor's most litigious adversary; and

    d. The settlement agreement provided no oversight by Trustee Les Osborne.

11. On March 5, 2014 the Court entered an Order [DE 290], approving the settlement agreement.

12. On October 25, 2013, Debtor filed an Objection to the Sale of the 1241 Middle River property for $1.00 [DE 263] to creditor FPH. Trustee Les Osborne's Accounting filed April 2014 [DE 291] list the value of the property at $1,098,000.00, with Trustee sold for for $1.00 to FPH, enabling FPH to proceed with foreclosure and/or sale.

13. On January 16, 2014, the Trustee Les Osborne went through the formal process of filing a Motion to Appoint Special Counsel, requesting FPH's counsel *Hackleman* be appointed. The Court entered its order appointing *Hackleman* as special counsel to the Trustee [DE 290].

*14.* On June 20, 2014, *Hackleman*, filed a Stipulation for Entry of Order Regarding Tax
Liens [DE 312], relative to a priority claim for $700,000 the IRS filed [Claim 2-2] and in
relation to the IRS Federal Tax Liens against the Debtor's property located at 1241
Middle River Driver, Fort Lauderdale, FL.

*15.* Based on *Hackleman's* representation to the IRS/Federal Agency's counsel that it had
obtained a Summary Judgment and Final Judgment that awarded the subject property to
*Hackelman's* client FPH, the IRS agreed to *released all* its claims against the property
and to any proceeds. See Stipulation [DE 312].

*16.* On June 25, 2014, Debtor's legal tax representative, Law Office of Anthony N. Verni,
sent a letter to the IRS informing them of the omissions *Hackleman* made to entice and
coerce the IRS to release their claims, in that (a) there was in fact a pending appeal in
which the outcome would govern the IRS tax claims and (b) the prejudicial effect it
would have on Debtor's ability to satisfy IRS obligations.  See attached Letter marked
Exhibit "A".

*17.* One day after Debtor's tax representative sent the letter referenced above, a Notice of
Withdrawal of the Stipulation [DE 313] was filed by *Hackleman*.

*18.* On June 30, 2014, the U.S. District Court, entered an order granting Debtor's appeal of
this Court's Order granting summary judgment in favor of FPH [DE 29] and the Final
Judgment [DE 30], *reversing and remanding* for further proceedings said orders, in the
underlying adversary action filed by FPH.

### Statement of the Facts

Conflict of Interest and

Failure to Act in Best Interests of All Creditors and the Estate

*19.* It has been well presented to this Court and Trustee Les Osborne that FPH had been in several contentious litigation cases for well over 8 years prior to the filing of this Bankruptcy, including several appeals with the 4th District Court of Appeals, with Debtor and Debtor's businesses, and FPH had been itself a business associate of Debtor. See Objection to Motion to Approve Settlement [DE 229].

FPH and Hackleman Agenda

*20.* FPH's counsel *Hackleman* is the attorney of record in this Bankruptcy case and the adversary action filed against Debtor.

*21.* Based upon the Order Approving Settlement Agreement, FPH no longer had to pay its attorneys fees direct from its pockets, but rather was now the full beneficiary and recipient of Estate funds for payment of its attorney's fees for their continued personal pursuits and efforts in litigation against Debtor, Debtor's entities, and business associates.

*22.* With their financial obligations being taken care of, FPH and *HACKMAN* have had free reign to harrass and bully Debtor and pursue its own agenda through litigation inside and outside this bankruptcy all without oversight by the Trustee/Court and for pursuits that offer of no beneficial value to the Creditors. In addition, the pursuits are blocking the efficient resolution to these proceeding, with no sight of this bankruptcy ever being in a position of closure.

Failure to Make Payments and Preserve Property

*23.* FPH's counsel *Hackleman,* acting as Trustee through the powers of Trustee Les Osborn and the Court, transferred via the Order approving settlement and subsequent order appointing *Hackleman* special counsel, directed Debtor to turn over the Mortgage Payment arrangements and responsibilities for all properties to *Hackleman*, of which Debtor had been making payments on or working with the Banks for resolutions.

*24.* Debtor is unaware of mortgage payments having been made on the 1241 Middle River property by *Hackleman* or FPH after the property was transferred to their name for $1.00 (See Agreement DE 219-1), and other properties, and has repeatedly requested an accounting from FPH and Hackleman, as well as Trustee Les Osborne. (See Consolidated Exhibits)

*25.* In its continued unsupervised duties as trustee, FPH and *Hackleman* have also pursued obtaining the 2401 NE 37th property, for its own agenda, resulting in no benefit to the Estate or the Estate creditors. The Debtor has also become aware that mortgage payments on the 2401 NE 37th property have also **not been made** in an amount in excess of $20,000 that it has already collected from the owner, after repeated requests to do so and for an accounting on those payments, resulting in yet another foreclosure jeopardy situation. Notwithstanding the above, the handling of this property does not benefit the creditors in anyway.

*26.* *Hackleman*/FPH and/or affiliated Co. has interferred in another property, 817 NW 1 St, Fort Lauderdale Fl., and now has purchased the note, as negociations were underway with the debtor, inorder to insert itself in the position to again to usurp the creditors.

27. Putting the properties in jeopardy of foreclosure by failing to pay mortgage payments, especially in light of the court of appeal's reversal of the Final Order awarding the the 1241 Middle River property to FPH, not only damages the Debtor and the Debtor's Estate, but damages all creditors including the IRS claims.

28. FPH and *Hackleman* while performing under the rights and obligation via the transfer of such Trustee responsibilities has ignored Debtor's repeated attempts to receive an accounting of why those mortgages were not being paid, in some cases for over 7 months, thereby putting the properties at risk to foreclosure or damaging the Debtor's Estate, including claims made by creditors of the estate, including the IRS claims.

29. The Trustee's Accounting filed April 30, 2014 [DE 291] shows only 1241 Middle River Drive property sold to *Hackleman* for $1.00 (Trustee listed valued at $1,098,000.00 even though FPH and Hackleman show the property listing at $2,200,000.00) and no other assets collected other than the one time nominal $25,000 paid to the Estate as set forth in the Settlement Agreement [DE 291-1] evidencing FPH and *Hackleman* has not acted in the best interests of all creditors.

Misrepresentations to Federal Agency – IRS

30. In moving to sell the 1241 Middle River property transferred to FPH, and ostensibly to clear title, regardless of the then pending Appeal on the property, FPH proceeded to make misrepresentations to the IRS to entice it to release its Federal Tax Liens attached to the property for no money whatsoever by **failing to inform the IRS that an appeal** was pending and, if over-turned, have direct impact on its monetary rights, including a priority creditor in this bankruptcy. FPH and *Hackleman* had their own agenda.

*31.* The priority lien by the IRS on the claimed Homestead property at 1241 Middle River was for approximately $700K, which would have paid off taxes to the estate of DAMERAU.

*32.* FPH via *Hackleman* contacted the IRS as acting trustee to have the IRS Claim removed from the 1241 Middle River property, without any disclosure of the pending Appeals, both in State Court and Federal District Court.

*33.* FPH and the IRS entered into the Agreed Stipulation releasing the IRS rights [DE 312], where the IRS based its decision on *Hackleman's* deceitful omissions referenced herein above, where the IRS agreed to release their $700,000.00 tax lien on the property.

*34.* Debtor agent, Anthony Verni, CPA, contacted the IRS General Council regarding the issuance of the agreed order, and found out from the General Council, FPH and *Hackleman* acting as Trustee and Creditor, never disclosed the Appeals Pending. This information resulted in the immediate discrete withdrawal of the IRS agreement by FPH and *Hackleman*. See Notice of Withdrawal [DE 213] filed one day after receipt of the letter marked as Exhibit A.

*35.* FPH and *Hackleman's* willful retention of material facts from the IRS regarding the Appeal, constitutes fraud on the court, breach of fiduciary duty, and presents yet another continued show of a conflict of interest, and failure to act in the best interests of the creditors.

*36.* FPH's counsel *Hackelman,* acting as Trustee, ignored numerous requests for information regarding payments of mortgages within their care and control, in a malicious attempt to put the properties in foreclosure, in an effort to bypass the duties of Trustee to the detriment of Debtors estate. See Composite Exhibit "B".

## Argument

*37.* The Trustee's powers and obligation to act on behalf of all creditors and owes a fiduciary duty to each creditor of the estate, In re Metropolitan at 11. " Assignments of the trustee's unique statutory powers, if not carefully scrutinized and narrowly circumscribed, may too easily result in improper delegation and dilution of the estate, and to sue parties for recovery of all property available under state law " Milazzo, supra, citing In re Greenburg, 266, B.R. 45, 51 (Bankr.E.D.N.Y.2001).

*38.* Section 324(a) of the Bankruptcy Code provides the sole statutory ground for removal of a trustee, stating the following: "The court, after notice and a hearing, may remove a trustee … for cause." Removal of a bankruptcy trustee is one of the most serious actions that a bankruptcy judge can decide. Under § 324(b), if a trustee is removed for "cause," then that trustee is removed from all other cases in which the trustee is then serving.

*39.* See In re Martin, 817 F.2d 175 (1st Cir. 1987). In this case, FPH and *Hackleman,* acting on behalf the Trustee Les Osborne through delegated authority, has clearly committed fraud upon the Court by enticing Creditor IRS to release rights to the 1241 Middle River property and is subject to removal.

*40.* The settlement agreement provided for no oversight by the trustee, permitting FPH a creditor and *Hackleman* to pursue prosecution or continued prosecution without merit, in its wish to harass the debtor as outlined in the Objection to the Settlement Agreement [DE 229].

*41.* The settlement agreement allowed *FPH* and or its Co's with *Hackleman* to interfer with Appeallate rights of the Debtor, interfer with on going Bank workout negociations, and

purchase of Debtor assets all without any oversite, and a conflict of interest, with other creditors by simply bypassing the process using this method of deceit.

**42.** In Walker v Walker, 515F.3d 1204, 1212(11thCir 2008) the Bankruptcy court has the power to remove a trustee sua sponte. The Bankruptcy Code 11 U.S.C. § 1109(b) (1978) ("A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and appear and be heard on any issue in a case under this chapter."); See In re Westwood Community Two Ass'n, Inc., 293 F.3d at 1337 (holding chapter 11 definition should be applied to chapter 7 cases, since no definition under chapter 7 exists). In this instance, the transfer of the powers to FPH and *Hackleman* must be removed and disqualified.

**43.** FPH and *Hackelman* must be removed, as they clearly have illustrated through their above actions that they have adverse interests to the debtor and estate, as set forth 11 U.S.C. 327 (e), which states,

The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and <u>if such attorney does not represent or hold any interest</u> <u>adverse to the debtor or to the estate with respect to the matter on which such attorney is to be</u> <u>employed.</u>

**44.** The settlement agreement provided for no oversight as FPH and their attorney's were acting as Trustee's agent through the Order Appointing them Special Counsel, resulted in permitting prosecution or continued prosecution without merit, in which to harass the

debtor as outlined in the Objection to Motion to the Settlement Agreement [DE 229] and including the Objection for Sale of Property for $1.00.

*45.* In this situation, the Trustee/Creditor FPH and their attorneys *Hackleman* knowingly acting in the capacity of Trustee's agent, with no duty of care or duty of loyalty to the other creditors, committed fraud with another Federal Agency and other civil   and criminal acts contrary to the Code of Ethics for Trustee's for the sole benefit of themselves, in total disregard for the estate of Debtor and other creditors as described above.

*46.* At present, the Appeal's court order reversing the Court's Final Judgment and Order Granting Summary Judgment, coupled with FPH and *Hackleman's* actions listed above, including making misrepresentations to the IRS and this Court, and relentless pursuit of it own agenda, have now placed this Estate and Debtor's claims to his Homestead property in immediate peril, along with all creditors claims with regard to all actions and omissions listed above by *Hackleman* and FPH.

*47.* By FPH's and *Hackleman's* through their nefarious, unsupervised actions to only benefit themselves, as to the other properties, have been able to disrupt, interfer and manipulate the delegated powers appointed them for their own benefit to the detriment of the Debtor's Estate, and any current interference should be stayed and/or rescinded, subject to direct Trustee involvement, without FPH or associated parties to thwart those efforts.

**WHEREFORE**, the debtor, DAMERAU requests this Court to enter an order:

A.      Removing and Disqualifying FPH and Christian A. Pertersen, Esq., and Hackleman, Olive & Judge, PA as acting Trustee and Special Counsel through powers

awarded in the Order appointing Special Counsel and FPH through its powers granted in

the Order Approving Settlement Agreement;

      B.     Barring further powers to pursue litigation, sell assets;

      C.     Ceasing all transactions related to any Debtor interests, and property

Including 1241 Middle River Property;

      D.     Rescinding any fees associated with FPH's Attorneys *Hackleman;*

      E.     Demanding an accounting of mortgage payments of Estate Assets while

under the custody and control of FPH and *Hackleman;*

      F.     For sanctions; and

      G.     Any further relief this court deems just and proper.

                  Respectively,

                  David Damerau, Debtor
                  PO Box 39619
                  Fort Lauderdale FL 33339
                  Telephone: 954-868-5235
                  E-mail: daviddam.legal@gmail.com

                  By

                  David Damerau, Debtor

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY that** a true copy of the above document was filed electronically and served through the clerk's office and by email to the attached service list to all parties of interest on this 25th day of July, 2014.

By: _____

David Damerau, Debtor, pro se.

## SERVICE LIST

**District Court Case No: 13-62262-KAM**

**Notice will be electronically mailed to:**
Christian A. Petersen
OLIVE & ASSOCIATES P.A.
2438 East Las Olas Boulevard
Fort Lauderdale, FL 33301
christian@olive-law.com

Leslie S Osborne
osbornetrustee@kennethrappaportlawoffice.com,
lso@trustesolutions.com;lo@trustesolutions.net

Jordan L Rappaport on behalf of Trustee Leslie Osborne
rappaport@kennethrappaportlawoffice.com

Zana Michelle Scarlett on behalf of U.S. Trustee Office of the US Trustee
Zana.M.Scarlett@usdoj.gov

**EXHIBIT A**
**Letter to IRS by CPA Anthony Verni**

# VTL THE LAW OFFICE OF ANTHONY N. VERNI

3696 N FEDERAL HIGHWAY    SUITE 301    FT. LAUDERDALE, FL 33308    561 531 8809    FAX 954 206 0081    WWW.VERNITAXLAW.COM
ADMITTED TO PRACTICE LAW IN NEW JERSEY • LICENSED CERTIFIED PUBLIC ACCOUNTANT ILLINOIS • PRACTICE LIMITED TO FEDERAL CRIMINAL AND CIVIL TAX MATTERS

June 25, 2014

**Via Facsimile (954) 423-7930**
Ms. D' Aun E. Clark
Internal Revenue Service
Office of Chief Counsel IRS
1000 South Pine Island Road, Suite 300
Plantation, Florida 33324

Re:    In re David F. Damerau: Case Number 12-33800-BKC-JKO
       IRS and FPH Stipulation for Entry of Order

Dear Ms. Clark:

Please be advised that this office represents Mr. David Damerau in connection with various tax matters pending before the Internal Revenue Service including the imposition of several Federal Tax Liens, dated April 22, 2011 and May 10, 2011 respectively.

I am corresponding with you to state for the record that the current Stipulation for Entry of Order dated June 20, 2014, a copy which is attached hereto and marked as Exhibit "A", is prejudicial to my client's ability to satisfy his outstanding federal income tax liabilities and would impair the IRS from collecting from the proceeds of any sale of certain real property located at 1241 Middle River Drive, Fort Lauderdale, Florida 33304 (the "Subject Property").

The foregoing is based upon the outstanding issues of: (i) whether the property is subject to the homestead exemption under Florida Law; and (ii) whether the imposition of a constructive trust by the United States Bankruptcy Court without any findings of fact was done so in error. These issues are the subject of two appeals, both in the state court and in the United States District Court for the Southern District of Florida.  The outcome of the appeals will determine ownership of the subject property and lien priority.

By way of history, an Amended Final Judgment was entered on September 4, 2012 by the Circuit Court of the Seventeenth Judicial District in and for Broward County, Florida in a matter styled as *FPH, Properties, LLC v 22 Century Properties, LLC and David Damerau* [Case number 06-09583 (21)]. A copy of the Amended Final Judgment is attached and marked as Exhibit "B."

A review of the Amended Final Judgment makes clear that the judgment is merely a money judgment in the amount of $1,524,087.11. No provision for equitable relief in the form of the imposition of a constructive trust is mentioned by the State Court by reason of the Plaintiff's

Page 1

MIAMI FLORIDA OFFICE
801 BRICKELL AVENUE, SUITE 900, MIAMI, FL 33131

NEWARK NEW JERSEY OFFICE
ONE GATEWAY CENTER, SUITE 2600, NEWARK, N.J. 07102

# VTL THE LAW OFFICE OF
## ANTHONY N. VERNI

failure to plead the imposition of a constructive trust.  An appeal has been filed with the Florida District Court of Appeals for the Fourth District (See attached Notice of Appeal marked as Exhibit "C").

Mr. Damerau filed a petition in Bankruptcy on October 3, 2012 under Chapter 11 of the U.S. Bankruptcy Code.  The case was converted to a Chapter 7 proceeding on November 28, 2012. On March 15, 2013 FPH  Properties, LLC ("FPH") filed an Adversary Proceeding with the United States Bankruptcy Court for the Southern District of Florida, Fort Lauderdale Division, objecting to the Debtor's claimed exemptions and requesting the Determination of Extent, Validity, Priority and Imposition of an Equitable Lien or Constructive Trust.

FPH subsequently filed a Motion for Summary Judgment on May 3, 2013 with the United States Bankruptcy Court for the Southern District of Florida, Fort Lauderdale Division, resulting in an Order granting FPH's Motion.  A copy of the Order is attached as Exhibit "D."

In awarding FPH Summary Judgment the Bankruptcy Court  erroneously found:

> "For the reasons below, I find that the property located at 1241 Middle River Drive, Fort Lauderdale, Florida 3304 is company property and not homestead property of Mr. Damerau, and that while Mr. Damerau has legal title to the property, beneficial title was held in benefit of and in constructive trust for FPH."

On or about August 19, 2013, Mr. Damerau filed a Notice of Appeal with the United States Bankruptcy Court, Southern District of Florida, Fort Lauderdale Division challenging the Court's entry of an Order granting FPH's Motion for Summary Judgment. Mr. Damerau also filed a Motion for a Stay Pending the Appeal.

The issue of imposition of a constructive trust  was raised by Mr. Damerau's counsel during oral argument on his Motion for a Stay Pending Appeal and the Bankruptcy Court conceded that it's Order granting FPH's Motion for Summary Judgment with respect to the imposition of a Constructive Trust was incorrect.  Copies of pages 12 and 13 of the transcript, attached and marked as Exhibit "E" from the proceedings make this evident. The Court stated:

> "The thing I am concerned about, that I might have gotten wrong in the order I entered, was determining that the property was held by Mr. Damerau, constructive trust for FPH properties. And it may well be the case that I screwed that up misinterpreting the state court's order that the property should have been found by me to be held in trust for Fort Lauderdale Homes." Page 12. Court Transcript.

Based upon the foregoing, it is clear that there is a genuine issue concerning whether the imposition of a constructive trust by the Bankruptcy Court in granting FPH's Motion

# VTL THE LAW OFFICE OF
## ANTHONY N. VERNI

for Summary Judgment was done so in error. As such, it would be premature for the IRS to stipulate on this issue, since it prejudices the rights of Mr. Damerau in terms of his ability to resolve his tax liabilities, is not in the best interests of the Internal Revenue Service and is inconsistent with the directives provided in for in the Internal Revenue Manual with respect to the release of Federal Tax Liens by the Internal Revenue Service.

In the event the Service's is unwilling to withdraw its consent to the Order regarding tax liens, please be advised that we will seek a judicial determination in the context of any IRS collection efforts that the Service was negligent in stipulating to the entry of an Order concerning the priority of its Tax Liens without first seeking findings of act with respect to:

(i)     whether the Plaintiff's failure to plead the imposition of a constructive trust in the underlying state court and the State Court Judge's failure to include any finding of fact with respect to the issue of constructive trust in its Amended Final Order, precludes the Plaintiff from raising the issue now; and

(ii)    (ii)Whether the Bankruptcy Court's order granting FPH's Motion for Summary Judgment was entered in error, since the Court relied upon the State Court's Amended Final Judgment, which makes no mention of the issue of constructive trust and further based upon Plaintiff's failure to plead the imposition of a constructive trust in its State Court complaint.

Please advise as to the Service's position in this matter.

Very truly yours,

Anthony N. Verni, Attorney at Law,
Certified Public Accountant

Anv/w.encls.
CC:     David Damerau

**EXHIBIT B**

**Consolidated Notices to Trustee agent, Hackleman, Olive & Judd
and Attorney Christian Petersen**

EXHIBIT 2

**David Damerau <daviddam.legal@gmail.com>** Jun 20

to LesROR,

Hi Les,

I had sent this email over for an explanation over a week ago, not the first time to Mr.
Peterson, with no response from his office. I want it on the record that, as they are
acting in the trustee capacity and are handling this for their clients, are causing damage
to my estate, and are not acting in the best interests of the estate for all the creditors.
I never even got a response as to the returns he got or did not get, which I would think
is a courtesy to all parties and a responsibility on his part to respond.
I would like nothing more to get these simple answers, without taking this to another
level, if you can ask Mr. Peterson for this information, if would solve alot of unknown
questions.

Regards,
David Damerau

Processed by FREE version of STOIK
Mobile Doc Scanner from www.stoik.mobi

EXHIBIT 3

# Comerica and 812 NW 1 St Property, Nationstorage

Important mainly because of your interaction with messages in the conversation. Click to teach Gmail this conversation is not important.

Inbox|x

David     Les, I just wanted to put you on notice and make you aware, I was in      Jun
Damerau the midd...                                                                11

Les, I just wanted to put you on notice and make you aware, I was in the midd...

**David Damerau <daviddam.legal@gmail.com>** Jun 11

to LesROR,

Les,

I just wanted to put you on notice and make you aware, I was in the middle of renegotiating a settlement with the Bank of the second mortgage, as well as created a redevelopment plan with a group of investors that had committed to invest in this property, that I had been working on that would generate, in the event that the appeals fell flat, monies to pay off some balance on the Judgements to the benefit of my estate for ALL the creditors including the IRS. Now, I have notified that FPH has and is, tortuously interfered with that process, based on the hearing yesterday in BK Court with Comerica. I also have, an appeal pending in the Comerica Case, that has to do with a settlement that was agreed upon and if you remember former attorney Friedman had gotten leave of court to proceed with defending that suit with Comerica. In addition. I do not think, based on what you believed and perceived in the agreement to compromise controversy with FPH and acting as the "Trustee" , contemplated FPH summarily buying all the assets without a hearing or any other over site, for a $1.00 without taking in consideration the real value, if any, based on appraisals for a credit on any judgement. since this is what FPH is purportedly doing to collect on. In addition to the other creditors getting sidestepped in the process, as in the IRS, as well as others which was not the agreement. I would think, the same equity from this process would apply and to the debtor to receive a fair credit. I also want to give notice, that my estate is being damaged even more, since being forced from these properties by FPH. FPH has NOT made any mortgage payments, after these properties were transferred into there names, against the loan documents that demands payment because of a due on transfer clause in the loan documents.
I believe based on other opinions I have requested, that FPH is not acting in an ethical manner and contrary to the intent of the agreement signed by you to compromise controversy, for the reasons stated above.

Processed by FREE version of STOIK
Mobile Doc Scanner from www.stoik.mobi

I wrote you in an effort, prior to any other filings, to see if there was a way to resolve this and to prevent any additional damage to my estate then what has already offered.

In another matter, my Accountant had sent certified mail to your office, the other tax returns, those not dropped off by the accountant, can you confirm delivery of those returns, so I can inform FPH as to there whereabouts. Since they now have an order from the Judge directing me to give them these returns as I do not want to be sanctioned for not complying with the courts order.

If you'd like to discuss this in person, please do not hesitate to call. I look forward to speaking with you.
954-868-5235
Regards,
David Damerau

Processed by FREE version of STOIK
Mobile Doc Scanner from www.stoik.mobi

$E_{X}H_{I}B_{I}T$ 4

## Tax Returns Delivered, Payments Made and or Payoffs

Important mainly because it was sent directly to you.
Click to teach Gmail this conversation is not important.

Inbox ×

Jun 17

David     Dear Mr. Peterson, as Trustee and Creditor, in fact I want to make
Damerau sure you r...

Dear Mr. Peterson, as Trustee and Creditor, in fact I want to make sure you r...

**David Damerau <daviddam.legal@gmail.com>** Jun 17

to Christian, LesROR,

Dear Mr. Peterson, as Trustee and Creditor, in fact

I want to make sure you received the Tax Returns, including the returns that were sent
to Trustee Osborne's office via certified mail, from the package delivered and or picked
up at his offices in Boca. Those returns that were suggested you did not have at my
Motion of Contempt Hearing, included my Personal Returns from 2007-2011. Would
you please acknowledge that you in fact have those in your possession, as my
Accountant received conformation from the certified mail PO return receipt that those
returns were delivered. As I want to comply that you got them, pursuant to the Judge's
Order.

On another matter, Would you please confirm that the mortgage payments on 1241
Middle River Dr, Fort Lauderdale Fl 33304, are either being made since the mortgages
were in my name, since the property has been transferred and in your clients name for
over 7 months, and or the Mortgages have been retired, and when those mortgage
payments were made,

that the Mortgage payments that have been forwarded timely pursuant to your
instructions acting as both Creditor and Trustee, regarding the 2401 NE 37 St Fort
Lauderdale Fl 33308 Property, that those have been made timely, and when those
payments have been forwarded to those Mortgage Companies. And if not, why ?

And Lastly, since you took possession of the Nationstorage Property, the electric
guarantee, is in my name, I have shut off the power, as a courtesy I am letting you
know, so you can set up a new account with FPL.

Processed by FREE version of STOIK
Mobile Doc Scanner from www.stoik.mobi

I also had numerous code issues that I had filed rehearings on, and was engaged in, that are now your responsibility to handle, if you choose not to engage these, it could damage the use of the property.

I am asking for the receipts of payments and Tax Returns for the above in addition to and or the payoff of the notes on the above properties after transfer, and if you do not plan on resolving these code issues, please let me know.

Regards,
David Damerau, Debtor

Processed by FREE version of STOIK
Mobile Doc Scanner from www.stoik.mobi

*EXHIBIT  2*

# Re: All Issues

Important mainly because it was sent directly to you.
Click to teach Gmail this conversation is not important.

Inbox  ✕

Dear Mr. Petersen, I received your demand for information on a property that ...
Dear Mr. Petersen, I received your demand for information on a property that ...

**David Damerau <daviddam.legal@gmail.com>**

to Christian, LesROR, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Dear Mr. Petersen,

I received your demand for information on a property that is in your control and custody, and has been for several weeks. Any information about those tenants was left there. If you require assistance, I would make myself available, as long as I'm compensated.

As it relates to the numerous requests for payment receipts showing that the 2401 NE 37 St Property, Mortgage has been forwarded to the Mortgage Co, Greentree GMAC Mortgage, since you elected to take control of the payment arrangements, you have not provided any of those requested payments. The Creditor is in fact listed in the schedules as well as on the list of creditors copied, in all the BK motions. And its been well over 5 months. as Trustee, handling this, I would think you have an obligation to make sure these are being paid, especially since you demanded taking control of this. By not making or providing the receipts that show these payments are being made timely. As trustee, you are damaging me, on several levels, not withstanding putting this property in foreclosure that wasn't in foreclosure prior to your involvement. And if you needed information in which to send these payments, since you elected to manage this, I would have thought you would have asked. I have not received one inquiry thus far for this information. And this is not the only property that has been put in peril.

I am requesting for the third time a complete payment schedule of what payments have been made. and if they have not been made, will be filing appropriate motions with Judge Olson and any other bodies that will look into this and the damage it has created.

On another matter, I'm sure you are aware, your Adversary summary judgement motion as to my Homestead was overturned by the Appellate District Court in my favor. I want to again, inform you of the liability as either a trustee or individually acting as agent, or

Processed by FREE version of STOIK
Mobile Doc Scanner from www.stoik.mobi

the damage this has caused me, both emotionally and financially, I asked for the payments on that property and or receipts as to the maintenance of the mortgage and have still not received anything confirming the properties mortgage payments are being made since you transferred the property in your clients name.

I have also been made aware of the misrepresentations you made to the IRS, as it relates to the IRS lien on the property 1241 Middle River Dr., to bypass this creditor in favor of your client, and not disclosing that there was Appeals Pending that would have affected the granting of the Stipulation that was summarily reversed after the IRS Council found out you did NOT disclose these pertinent facts surrounding this case. As a Trustee, you had a duty to inform the IRS of these pending appeals, and in fact the Summary Judgment was overturned.

I am in the process of getting legal council to discuss these and other violations of the duties that as Acting Trustee and as an Attorney that is an officer of the court to disclose and to perform.

Just because I am acting as pro se, you have abused, bullied and not been forthcoming with TRUE statements of fact.

I would like to discuss this with Mr. Osborne, and see how he would like to deal with this prior to filing my motions with the Court.

Regards,
David Gameroui

Processed by FREE version of STOIK
Mobile Doc Scanner from www.stoik.mobi